## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROUND ROCK RESEARCH, LLC,    )
                                       )
        Plaintiff,        )
                                       )        C.A. No. 11-978-RGA
    v.                )
                                     )        **JURY TRIAL DEMANDED**
ASUSTEK COMPUTER INC. and    )
ASUS COMPUTER INTERNATIONAL, INC.,    )
                                       )
        Defendants.      )

## DEFENDANTS ASUSTEK COMPUTER INC. AND
## ASUS COMPUTER INTERNATIONAL, INC.'S OPENING BRIEF IN SUPPORT OF
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

ASHBY & GEDDES
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

John P. Schnurer
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-5700
jschnurer@perkinscoie.com

Dated: December 23, 2011

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

I.    INTRODUCTION ................................................................................. 1

II.   PROCEDURAL BACKGROUND ........................................................ 1

III.  FACTUAL BACKGROUND ............................................................... 2

IV.  ARGUMENT ....................................................................................... 3

    A.    Neither Defendant Is Subject To Personal Jurisdiction In Delaware ................... 3

        1.    Personal Jurisdiction Requires Actual Facts, Not Mere Allegations ......... 3

        2.    Delaware's Long-Arm Statute ................................................................. 3

        3.    General Jurisdiction Requires Actions By Defendants In Delaware,
Not Actions By Distributors Or Customers ............................................. 4

        4.    Specific Jurisdiction Requires A Statutory Basis And Express
Targeting Of Delaware (Not The United States As A Whole) ................... 6

            a.    Delaware's long-arm statute requires a defendant's actions
occur *in Delaware* for specific jurisdiction, yet here
Defendants have not performed any relevant actions in
Delaware. ............................................................................... 7

            b.    A "stream of commerce" theory has no statutory basis in
Delaware, and the few courts to allow "dual jurisdiction"
still require action purposefully directed toward Delaware. .......... 8

    B.    Venue Is Not Proper In Delaware ....................................................... 10

    C.    If The Case Is Not Dismissed, It Should Be Transferred To The Northern
District Of California, Where Many Witnesses And Documents Are. ................. 11

        1.    The Law of Transfers ............................................................................ 12

        2.    The Defendants Would Submit To Personal Jurisdiction And
Venue In The Northern District Of California ......................................... 13

        3.    The Third Circuit Factors Favor A Transfer, Especially Given The
Lack Of Connections To Delaware ........................................................ 13

            a.    Private Interests .................................................................... 14

                (i)    Defendants' Forum Preference ............................... 14

                (ii)   Whether the Claim Arose Elsewhere ...................... 14

                (iii)  The Convenience of the Witnesses and Documents ........ 14

                (iv)  Plaintiff's Forum Preference ................................. 17

            b.    Public Interests ..................................................................... 17

                 (i)    Enforceability of the Judgment ............................. 17

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

(ii)    Practical Considerations Making Trial Easier, Less Expensive, or More Expeditious.......................................... 17

(iii)   Local Interest in Deciding Local Controversies at Home and Public Policies of the Fora.............................. 18

V.      CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

CASES

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.,*
  295 F. Supp.2d 393 (D. Del. 2002)................................................................17

*Asahi Metal Indus. Co. v. Sup. Ct.,*
  480 U.S. 102 (1987)................................................................................9

*Avocent Huntsville Corp. v. ATEN Int'l Co.,*
  552 F.3d 1324 (Fed. Cir. 2008)..............................................................3, 9

*Boram Pharm. Co. v. Life Techs. Corp.,*
  No. 10-31, 2010 WL 2802727 (D. Del. July 14, 2010) ........................16, 18

*Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC,*
  647 F. Supp. 2d 358 (D. Del. 2009).........................................................7, 8

*Commissariat a l'Energie Atomique v. Chi Mei Optoelecs. Corp.,*
  395 F.3d 1315 (Fed. Cir. 2005).................................................................10

*D'Jamoos v. Pilatus Aircraft Ltd.,*
  566 F.3d 94 (3d Cir. 2009).............................................................5, 9, 10

*Eurofins Pharma US Holdings v. Bioalliance Pharma SA,*
  623 F.3d 147 (3d Cir. 2010).......................................................................7

*Fourco Glass Co. v. Transmirra Prods. Corp.,*
  353 U.S. 222 (1957).................................................................................11

*Goodyear Dunlop Tires Ops., SA v. Brown,*
  131 S. Ct. 2846 (2011)..........................................................................5, 6

*IMO Indus., Inc. v. Kiekert AG,*
  155 F.3d 254 (3d Cir. 1998)....................................................................3, 8

*In re Acer America Corp.,*
  626 F.3d 1252 (Fed. Cir. 2010)................................................................12

*In re Genentech, Inc.,*
  566 F.3d 1338 (Fed. Cir. 2009)...........................................................12, 14

*In re Link_A_Media Corp.,*
  No. 990, ___ F.3d ___, 2011 WL 6004566 (Fed. Cir. Dec. 2, 2011) ..........................*passim*

# TABLE OF AUTHORITIES
(continued)

Page(s)

*J. McIntyre Mach., Ltd. v. Nicastro,*
    131 S. Ct. 2780 (2011)...................................................................................9

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995).............................................................................13

*Kehm Oil Co. v. Texaco, Inc.,*
    537 F.3d 290 (3d Cir. 2008)............................................................................4

*Lafferty v. St. Riel,*
    495 F.3d 72 (3d Cir. 2007)............................................................................12

*Merck & Co. v. Barr Labs., Inc.,*
    179 F. Supp. 2d 368 (D. Del. 2002)............................................................5, 6

*Monsanto Co. v. Syngenta Seeds, Inc.,*
    443 F. Supp. 2d 636 (D. Del. 2006)........................................................ *passim*

*Power Integrations, Inc. v. BCD Semi. Corp.,*
    547 F. Supp. 2d 365 (D. Del. 2008).......................................................8, 9, 10

*QinetiQ Ltd. v. Oclaro, Inc.,*
    No. 09-372 (JAP), 2009 WL 5173705 (D. Del. Dec. 18, 2009) ...................14, 16, 17

*Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.,*
    No. 09-022-SLR/MPT, 2009 WL 5184350 (D. Del. Dec. 23, 2009), *adopted by* 2010
    WL 1337621 (D. Del. Mar. 31, 2010) ...........................................................4

*Stonite Prods. Co. v. Melvin Lloyd Co.,*
    315 U.S. 561 (1942).....................................................................................10

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.,*
    676 F. Supp. 2d 321 (D. Del. 2009)....................................................12, 16, 17

*Time Share Vacation Club v. Atlantic Resorts, Ltd.,*
    735 F.2d 61 (3d Cir. 1984).........................................................................3, 8

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.,*
    961 F. Supp. 686 (D. Del. 1997)....................................................................5

*VE Holding Corp. v. Johnson Gas App. Co.,*
    917 F.2d 1574 (Fed. Cir. 1990).....................................................................11

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**STATUTES**

28 U.S.C. § 1391 ..................................................................................................10, 11

28 U.S.C. § 1400 ..................................................................................................10, 11

28 U.S.C. § 1404 ..................................................................................................*passim*

28 U.S.C. § 1406 ..................................................................................................*passim*

28 U.S.C. § 1631 ..................................................................................................1, 12, 13

Del. Code Ann. tit. 10, § 3104 ...........................................................................4, 7, 8, 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12 ....................................................................1, 3

Pursuant to Federal Rule of Civil Procedure 12(b), defendants ASUSTeK Computer Inc. and ASUS Computer International, Inc. respectfully move the Court to dismiss this action for lack of personal jurisdiction and improper venue. In the alternative, Defendants respectfully request that the Court transfer this case to the Northern District of California pursuant to 28 U.S.C. §§ 1406(a) and 1631, or § 1404(a).

## I.   INTRODUCTION

This case should be dismissed because this Court lacks personal jurisdiction and venue over Defendants. Neither Defendant is incorporated or registered to do business in Delaware. Neither has witnesses, documents, or places of business in Delaware. And neither has bank accounts, real estate, or subsidiaries in Delaware. While Round Rock improperly blends ASUSTeK Taiwan and ASUS California together, none of the alleged acts of infringement of ASUSTeK Taiwan occurred in Delaware, and ASUS California has not sold any of the accused products to customers in Delaware for at least some of the patents-in-suit. Moreover, Plaintiff's only connection to Delaware is that it is incorporated here, though even Plaintiff has no witnesses, documents, or places of business in Delaware. This case should thus be dismissed in full against ASUSTeK Taiwan and at least in part if not in full against ASUS California.

By contrast, most, if not all, of ASUS California's witnesses and documents are located in the Northern District of California, as are at least one inventor and many prior art witnesses. The alleged actions of Defendants, especially ASUS California, occurred in the Northern District of California. The majority of the inventors and former owners of the patents-in-suit are also located significantly closer to the Northern District of California than to Delaware. Thus, Defendants move in the alternative to transfer the case to the Northern District of California.

## II.   PROCEDURAL BACKGROUND

On October 14, 2011, plaintiff Round Rock Research, LLC ("Round Rock") filed a Complaint alleging Defendants had infringed nine patents. D.I. 1. On November 10, 2011, the Court granted an unopposed extension and ordered that the time for Defendants to answer, move,

or otherwise respond to the Complaint was extended to December 7, 2011.  D.I. 14.  On

December 6, 2011, Round Rock filed an Amended Complaint, adding a tenth patent.  D.I. 15.

## III.    FACTUAL BACKGROUND

Defendant ASUSTeK Computer Inc. ("ASUSTeK Taiwan") is a Taiwanese corporation

with its principal place of business in Taiwan.  Decl. of Connie Huang ("Huang Decl.") ¶ 2.

While Round Rock has not identified the precise accused products, ASUSTeK Taiwan's products

generally are designed and manufactured in Taiwan or China.  Huang Decl. ¶ 8.  ASUSTeK

Taiwan does not sell its products or solicit business directly in Delaware.  Huang Decl. ¶ 9.

Instead, ASUSTeK Taiwan sells title of its products to ASUS Technology Pte Ltd. ("ASUS

Singapore") in Taiwan or China.  Huang Decl. ¶¶ 9-10.

Defendant ASUS Computer International, Inc. ("ASUS California") is a California

corporation with its principal place of business in Fremont, California.  Decl. of Godwin Yan

("Yan Decl") ¶ 2.  ASUS California purchases its products and receives them from ASUS

Singapore, not ASUSTeK Taiwan.  Yan Decl. ¶ 9.  ASUS California generally receives the

products at ports or airports in San Francisco, Oakland, or Los Angeles, in California, not in

Delaware.  *Id.*  ASUS California stores its products in California or Florida, not in Delaware.

Yan Decl. ¶ 10.  While Round Rock has not identified most of the specific accused products by

product number, ASUS California has not sold or imported at least the VW246H, UX21E, or

UX31E products directly to customers in Delaware.  Yan Decl. ¶ 11.

Neither Defendant has any place of business or employee in Delaware.  Huang Decl. ¶ 3;

Yan Decl. ¶ 3.  Neither owns any real estate or bank account in Delaware.  Huang Decl. ¶ 4; Yan

Decl. ¶ 4.  Neither is registered to do business in Delaware.  Huang Decl. ¶ 5; Yan Decl. ¶ 5.

Neither has a registered agent of process in Delaware.  Huang Decl. ¶ 6; Yan Decl. ¶ 6.  Neither

owns or controls any subsidiaries in Delaware.  Huang Decl. ¶ 7; Yan Decl. ¶ 7.  Neither designs

or manufactures its products in Delaware.  Huang Decl. ¶ 8; Yan Decl. ¶ 8.  Neither advertises

directly in Delaware.  Huang Decl. ¶ 11; Yan Decl. ¶ 12.  Neither is aware of any employee

traveling to Delaware on behalf of Defendants.  Huang Decl. ¶ 12; Yan Decl. ¶ 13.  And neither

has any relevant witnesses or documents in Delaware.  Huang Decl. ¶ 13; Yan Decl. ¶ 14.

Plaintiff Round Rock is incorporated in Delaware, but its principal place of business is in Mount Kisco, New York. D.I. 15 ¶ 1.  To the best of Defendants' knowledge, Round Rock does not have any place of business or employees in Delaware.

## IV.    ARGUMENT

### A.    Neither Defendant Is Subject To Personal Jurisdiction In Delaware

#### 1.    Personal Jurisdiction Requires Actual Facts, Not Mere Allegations

Round Rock's Complaint must be dismissed because neither ASUSTeK Taiwan nor ASUS California are subject to personal jurisdiction in Delaware.  While a court must accept a plaintiff's allegations as true for purposes of a motion to dismiss, "the plaintiff bears the burden of proving that personal jurisdiction is proper." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations," and the plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Id.*

Round Rock makes boilerplate assertions that "[t]his Court has personal jurisdiction" without identifying a single *fact*, let alone identifying whether it is relying upon general or specific jurisdiction. *See* D.I. 15 at ¶¶ 6-9.  Nevertheless, both forms of personal jurisdiction fail as a matter of law.  There is no statutory basis for asserting personal jurisdiction over Defendants, and due process prohibits personal jurisdiction because Defendants have not purposefully targeted Delaware.

#### 2.    Delaware's Long-Arm Statute

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries:  whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Avocent Huntsville Corp. v.*

*ATEN Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008).  Delaware's long-arm statute provides that "a court may exercise personal jurisdiction over any nonresident" for "a cause of action … arising from any of the acts enumerated in this section." Del. Code Ann. tit. 10, § 3104(c) (2010).  The statute then enumerates six categories of actions.  While Round Rock has not identified what portion of the statute, if any, Round Rock relies on for personal jurisdiction (nor even identified the statute), categories (5) and (6) are inapplicable because they deal with real property and insurance.  The remaining acts from which the cause of action must arise are:

1. Transacts any business or performs any character of work or service in the State;
2. Contracts to supply services or things in this State;
3. Causes tortious injury in the State by an act or omission in this State; [or]
4. Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

Federal courts have recognized two types of personal jurisdiction: general and specific jurisdiction.  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008).  "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Id.*  Under the Delaware long-arm statute, subsections 3104(c)(1), (c)(2), and (c)(3) are "specific jurisdiction provisions, where there must be a nexus between the cause of action and the conduct of the defendant as a basis for jurisdiction. Subsection (c)(4) is a general jurisdiction provision, which requires a greater extent of contacts, but applies when the claim is unrelated to forum contacts." *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. 09-022-SLR/MPT, 2009 WL 5184350, at *3 (D. Del. Dec. 23, 2009), *adopted by*, 2010 WL 1337621 (D. Del. Mar.  31, 2010); *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 643 (D. Del. 2006).

### 3.   General Jurisdiction Requires Actions By Defendants In Delaware, Not Actions By Distributors Or Customers

It is unclear whether Round Rock is asserting general jurisdiction when, for example, it asserts that Defendants have "placed products…into the stream of commerce." D.I. 15 ¶ 7.  A

recent Supreme Court case, however, precludes any assertion of general jurisdiction. Just five months ago, a unanimous Supreme Court rejected the notion that "any substantial manufacturer or seller of goods" be amenable to suit "wherever its products are distributed." *Goodyear Dunlop Tires Ops., SA v. Brown*, 131 S. Ct. 2846, 2856 (2011). Merely placing products into a "stream of commerce" applies only to *specific* jurisdiction and has no bearing on *general* jurisdiction. *Id.* at 2855; *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 106 (3d Cir. 2009); *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 373-74 (D. Del. 2002). In *Goodyear*, North Carolina had no general jurisdiction because the *defendants* had not purposefully availed themselves of the privileges of the state, regardless of any actions their *distributors* may have taken in the state. Specifically, the defendants "are not registered to do business in North Carolina"; "have no place of business, employees, or bank accounts in North Carolina"; "do not design, manufacture, or advertise their products in North Carolina"; and "do no solicit business in North Carolina or themselves sell or ship tires to North Carolina customers." *Goodyear*, 131 S. Ct. at 2852. Despite the fact that the defendants' distributors had sold tens of thousands of tires in North Carolina and those distributors were actually subsidiaries or sister corporations of the defendants, only actions of the defendants towards North Carolina mattered, not actions of the distributors.

Even before *Goodyear*, Delaware courts similarly found no general jurisdiction when the defendants "do not conduct business in Delaware"; "are not registered to do business in Delaware"; "do not produce, market or sell…any product in Delaware"; and "do not have a bank account, a telephone number or an address in Delaware." *Monsanto*, 443 F. Supp. 2d at 643. The court in *Merck* similarly found no general jurisdiction when the defendant had "no employees, bank accounts, or real estate in Delaware" and "[t]he total revenue [the defendant] derives from Delaware, approximately $991,000 annually, is less than one percent of [the defendant's] total revenue." *Merck*, 179 F. Supp. 2d at 375. "While seemingly broad in its language, the standard for general jurisdiction is high in practice and not often met." *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). "[A] plaintiff must

show significantly more than mere minimum contacts to establish general jurisdiction." *Merck*, 179 F. Supp. 2d at 375.

The facts in *Goodyear*, *Monsanto*, and *Merck* are remarkably similar to the facts here. Defendants have no place of business and no employees in Delaware. Huang Decl. ¶ 3; Yan Decl. ¶ 3. Defendants do not own any real estate or have bank accounts in Delaware. Huang Decl. ¶ 4; Yan Decl. ¶ 4. Defendants are not registered to do business in Delaware. Huang Decl. ¶ 5; Yan Decl. ¶ 5. Defendants do not have any registered agent of process in Delaware. Huang Decl. ¶ 6; Yan Decl. ¶ 6. Defendants do not own or control any subsidiaries in Delaware. Huang Decl. ¶ 7; Yan Decl. ¶ 7. Defendants do not design or manufacture products in Delaware. Huang Decl. ¶ 8; Yan Decl. ¶ 8. Defendants do not advertise directly in Delaware. Huang Decl. ¶ 11; Yan Decl. ¶ 12. Defendants are not aware of any employees traveling to Delaware on behalf of Defendants. *Id.* While Round Rock inappropriately lumps Defendants together, ASUSTeK Taiwan does not sell its products or solicit business directly in Delaware, Huang Decl. ¶ 9, and ASUS California sells only about $250,000 per year to customers located in Delaware, which is less than 0.02% of its total revenue and significantly less than the amount that the court in *Merck* found did not give rise to general jurisdiction. Yan Decl. ¶ 11; *Merck*, 179 F. Supp. 2d at 375 (finding no general jurisdiction when "[t]he total revenue [the defendant] derives from Delaware, approximately $991,000 annually, is less than one percent of [the defendant's] total revenue"). In short, Defendants have no systematic and continuous contacts with Delaware giving rise to general jurisdiction. While Defendants' *distributors* might sell products in Delaware, just as in *Goodyear*, the actions of distributors do not give rise to general jurisdiction over a manufacturer. And just as in *Merck*, trivial amounts of sales in Delaware with no other connections to the state means there is no general jurisdiction.

### 4.   Specific Jurisdiction Requires A Statutory Basis And Express Targeting Of Delaware (Not The United States As A Whole)

Round Rock's Complaint asserts only legal conclusions rather than facts. Nevertheless, to the extent it may be alleging specific jurisdiction, such allegations fail because there is no

statutory basis for specific jurisdiction, because ASUSTeK Taiwan has taken no actions purposefully targeting Delaware, and because ASUS California has taken no actions purposefully targeting Delaware for at least two of the patents-in-suit (and possibly more once Round Rock identifies the specific accused products).

> **a.   Delaware's long-arm statute requires a defendant's actions occur *in Delaware* for specific jurisdiction, yet here Defendants have not performed any relevant actions in Delaware.**

Delaware's long-arm statute requires the actions by a defendant giving rise to the cause of action occur *in Delaware*. Specifically, § 3104(c) requires that a defendant (1) "Transacts any business or performs any character of work or service *in the State*;" (2) "Contracts to supply services or things *in this State*;" or (3) "Causes tortious injury in the State by an act or omission *in this State*." Del. Code Ann. tit. 10, § 3104(c) (emphasis added). Transacting business, even with a Delaware corporation, "outside of Delaware does not satisfy Delaware's long-arm statute." *Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009); *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (affirming dismissal for lack of specific jurisdiction when there was "no indication that [the defendant] committed any act or omission in Delaware"). Here, it is undisputed that Defendants do not themselves manufacture, use, or import the accused products in Delaware. Huang Decl. ¶¶ 3, 8-10; Yan Decl. ¶¶ 3, 8-10. ASUSTeK Taiwan does not sell or offer to sell any of the accused products in Delaware. Huang Decl. ¶ 9. Thus, there is no action by ASUSTeK Taiwan in Delaware that gives rise to a statutory basis for specific jurisdiction.

While Round Rock generally has not identified the specific accused products, it has identified "the VW246H LCD monitor" for its first patent, D.I. 15 ¶ 22, and the "UX series notebook computers" for its newly added tenth patent. D.I. 15 ¶ 103. However, ASUS California has not sold the VW246H or any UX series notebook computers (which ASUS California understands to be the Zenbook UX21E and Zenbook UX31E) directly to Delaware. Yan Decl. ¶ 11. Thus, there is no action by ASUS California in Delaware that gives rise to a statutory basis for specific jurisdiction over at least those two patents.

Moreover, ASUS California should not be punished for Round Rock's failure to specifically identify the accused products for the remaining patents-in-suit. As noted above, "the plaintiff bears the burden of proving that personal jurisdiction is proper," *IMO*, 155 F.3d at 257, and "plaintiff must respond with actual proofs, not mere allegations." *Time Share*, 735 F.2d at 66 n.9. Therefore, if Round Rock believes that ASUS California (rather than customers or distributors) has sold the accused products in Delaware, the burden should be on Round Rock to identify the specific product numbers, rather than leaving ASUS California to guess.

> b.   **A "stream of commerce" theory has no statutory basis in Delaware, and the few courts to allow "dual jurisdiction" still require action purposefully directed toward Delaware.**

Because ASUSTeK Taiwan does not perform any actions in Delaware and ASUS California does not sell the accused products for at least two of the patents-in-suit to customers in Delaware (and possibly more once Round Rock specifically identifies what the accused products actually are), Round Rock's Complaint appears to rely upon a "stream of commerce" theory for specific jurisdiction. *See* D.I. 15 ¶ 7. The term "stream of commerce" implies that Defendants sell the accused products outside of Delaware, then other third parties (such as Defendants' customers or the customers of customers) sell the accused products in Delaware.

First, stream of commerce has no statutory basis under the plain language of Delaware's long-arm statute. Del. Code Ann. tit. 10, § 3104(c). Rather, stream of commerce is a constitutional inquiry that need only be addressed if the statutory prong has been met. *See Boston Sci.*, 647 F. Supp. 2d at 365 ("The overriding problem with this argument, of course, is that it collapses the jurisdictional analysis into a single due process inquiry."). As such, Round Rock's stream of commerce theory should be rejected.

Second, the few Delaware courts to allow a stream of commerce theory readily admit that "the stream of commerce theory does not fit comfortably within any particular provision of Delaware's statute." *Power Integrations, Inc. v. BCD Semi. Corp.*, 547 F. Supp. 2d 365, 371 (D. Del. 2008). Already this suggests a stream of commerce has no statutory basis in Delaware. Instead, courts such as *Power Integrations* have conflated two separate subsections—

§ 3104(c)(1) on specific jurisdiction with (c)(4) on general jurisdiction—to arrive at a theory

they call "dual jurisdiction." *Id.* Nevertheless, even under a "dual jurisdiction" or "stream of

commerce" analysis in Delaware, ASUSTeK Taiwan is not subject to specific jurisdiction for

any patent-in-suit and ASUS California is not subject to specific jurisdiction for at least two of

the patents-in-suit (possibly more once Round Rock specifically identifies the accused products).

"The analysis required to determine whether personal jurisdiction exists under Delaware's

concept of 'dual jurisdiction' pursuant to Delaware's long-arm statute is functionally equivalent to

Justice O'Connor's test [in *Asahi Metal Indus. Co. v. Sup. Ct.*, 480 U.S. 102 (1987)] for

determining whether an exercise of jurisdiction comports with Due Process in a stream of

commerce case." *Power Integrations*, 547 F. Supp. 2d at 375. In *Asahi*, Justice O'Connor

required "something more" than "mere foreseeability" that a product might make its way into the

forum while in the stream of commerce. *Asahi*, 480 U.S. at 111. Specifically, Justice O'Connor

required "an action of the defendant purposefully directed toward the forum State." *Id.* at 112.

A plurality of the Supreme Court recently explained Justice O'Connor's test and found

that selling a product nationwide is not the same as purposefully directing an action toward any

one forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2790 (2011) ("These facts

may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully

availed itself of the New Jersey market."). The Third Circuit, Federal Circuit, and Delaware

district courts all agree that targeting the United States as a whole is insufficient to constitute

targeting the forum in particular. *D'Jamoos*, 566 F.3d at 104 ("Pilatus's efforts to exploit a

national market necessarily included Pennsylvania as a target, but those efforts simply do not

constitute the type of deliberate contacts within Pennsylvania that could amount to purposeful

availment of the privilege of conducting activities in that state. Rather, any connection of Pilatus

to Pennsylvania merely was a derivative benefit of its successful attempt to exploit the United

States as a national market."); *Avocent*, 552 F.3d at 1340 ("Avocent's allegation that Aten

International products may be purchased in Alabama fails to establish...that Aten International

'purposefully directed its activities at residents of the forum.'") (quotation omitted); *Monsanto*,

443 F. Supp. 2d at 646 ("[T]he mere placement of a product into the stream of commerce with an awareness that it may end up in a specific state is not enough to establish minimum contacts.") (quotation omitted).[1]  Again, the focus must be on the actions of the defendants that target the forum; the actions of third parties such as customers or distributors are irrelevant.  "A defendant's contacts…must amount to a deliberate targeting of the forum.  The unilateral activity of those who claim some relationship with a nonresident defendant is insufficient."  *D'Jamoos*, 566 F.3d at 103 (quotations omitted).  Here, regardless of whether Defendants targeted the United States as a whole, ASUSTeK Taiwan has not purposefully targeted Delaware regarding any of the accused products and ASUS California has not purposefully targeted Delaware for the accused products of at least two patents-in-suit (possibly more once Round Rock specifically identifies the accused products).  Thus, there is no specific jurisdiction over ASUSTeK Taiwan for any claim or over ASUS California for at least two of the patents-in-suit.

### B.      Venue Is Not Proper In Delaware

In a single sentence with no explanation, Round Rock asserts that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b)."  D.I. 15 ¶ 10.  It is not clear which subsection of § 1391 Round Rock is relying on, but Defendants believe it to be § 1391(b) or (c), given that the other subsections are clearly not applicable.

The Supreme Court, however, has held that § 1391(b) is not applicable to patent cases, finding that the predecessor of § 1400 "is the exclusive provision controlling venue in patent infringement proceedings" and the "general venue provision" (now § 1391(b)) "is, of course, not applicable."  *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 567 (1942).

---

[1]  In a case prior to the decisions cited above, the Federal Circuit previously concluded there was "substantial uncertainty" in whether Delaware's long-arm statute required mere foreseeability that one's products would be distributed in the forum or rather required Justice O'Connor's additional conduct purposefully directed toward the forum.  *Commissariat a l'Energie Atomique v. Chi Mei Optoelecs. Corp.*, 395 F.3d 1315, 1322 (Fed. Cir. 2005).  In *Commissariat*, the defendant (a Taiwanese company) sold millions of products outside Delaware to customers that incorporated the defendant's modules into computer monitors.  These monitors were sold by distributors throughout the U.S., including thousands in Delaware.  The Federal Circuit said this probably satisfied Justice Brennan's foreseeability test, but not Justice O'Connor's requirement of conduct targeting Delaware.  *Id.* at 1323-24.  In light of cases such as *D'Jamoos*, *Power Integrations*, and *Monsanto*, Justice O'Connor's requirement of conduct targeting Delaware is clearly required, and just as in *Commissariat*, the Court should find that regardless of third parties selling products in Delaware, Justice O'Connor's additional requirement is not met here.

Round Rock's basis for venue then must be § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." As discussed above, Defendants do not have a "regular and established place of business" in Delaware so only the first clause (where a defendant resides) is relevant here.

Section 1391(c) provides a definition for "resides," but there is conflicting precedent between the Supreme Court and Federal Circuit whether § 1391(c) applies to patent cases. *Compare Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957) ("28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)."), *with VE Holding Corp. v. Johnson Gas App. Co.*, 917 F.2d 1574 (Fed. Cir. 1990) (debating whether a minor amendment to § 1391(c) overturned thirty years of Supreme Court precedent). Either way, venue is not proper here. If § 1391(c) does not apply to patent cases, then the Supreme Court found that "'resident,' as respects venue, .... in respect of corporations, mean[s] the state of incorporation only." *Fourco*, 353 U.S. at 226. Neither Defendant is incorporated in Delaware. Huang Decl. ¶ 2; Yan Decl. ¶ 2. Therefore, venue is not proper in Delaware under *Fourco*.

If § 1391(c) does apply to patent cases, that section states "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." As discussed above, ASUSTeK Taiwan is not subject to personal jurisdiction in Delaware, and ASUS California is not subject to personal jurisdiction for at least two patents-in-suit (and possibly more once Round Rock specifically identifies the accused products). In both cases, this action must be dismissed for improper venue for all claims against ASUSTeK Taiwan and at least some claims against ASUS California.

### C.   If The Case Is Not Dismissed, It Should Be Transferred To The Northern District Of California, Where Many Witnesses And Documents Are.

In the alternative, if the Court decides not to dismiss the case outright, Defendants ask the Court to transfer this case to the Northern District of California pursuant to 28 U.S.C. §§ 1406

and 1631, or § 1404. Both ASUSTeK Taiwan and ASUS California are willing to submit to jurisdiction and venue in the Northern District of California (not Delaware), the alleged actions of at least ASUS California happened in the Northern District of California (not Delaware), most if not all of ASUS California's witnesses and documents are in the Northern District of California, California is significantly more convenient to ASUSTeK Taiwan, California is significantly more convenient to the majority of the inventors and former owners of the patents-in-suit, and no party (including the plaintiff) has any witnesses or documents located in Delaware. In short, the Northern District of California is a significantly more convenient forum for this litigation than Delaware, and Delaware has little or no ties to this litigation.

### 1.   The Law of Transfers

For transfers, "Section 1406(a) comes into play where plaintiffs file suit in an improper forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007). Section 1631 similarly allows a transfer when personal jurisdiction is lacking. On the other hand, "Section 1404(a) transfers … presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty*, 495 F.3d at 76-77. As discussed above, Defendants are not subject to personal jurisdiction in Delaware and venue is not proper in Delaware. Therefore §§ 1406 and 1631 require that the Court either "shall dismiss, or if it be in the interest of justice, transfer." *See also Lafferty*, 495 F.3d at 77. However, even if venue and jurisdiction are proper, § 1404(a) allows that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"Delaware courts are not hesitant to transfer a first-filed patent action to a more appropriate forum if warranted by the facts of the case." *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009). This is especially true given the Federal Circuit's recent precedents encouraging transfers. *See, e.g., In re Link_A_Media Corp.*, No. 990, ___ F.3d ___, 2011 WL 6004566 (Fed. Cir. Dec. 2, 2011); *In re Acer America Corp.*, 626 F.3d 1252 (Fed. Cir. 2010); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009).

### 2. The Defendants Would Submit To Personal Jurisdiction And Venue In The Northern District Of California

A case can be transferred "to any other district or division where it might have been brought." 28 U.S.C. §§ 1404(b), 1406(a); *cf.* § 1631 ("to any other such court in which the action or appeal could have been brought at the time it was filed or noticed"). The Northern District of California would have had personal jurisdiction and venue over ASUS California at the time Round Rock filed its Complaint because ASUS California is incorporated in California and its principal place of business is in the Northern District of California. Yan Decl. ¶ 2. To the extent the Court believes the District of Delaware has personal jurisdiction and venue over ASUSTeK Taiwan (e.g., because the alleged acts of infringement by distributors and customers occurred across the United States), the same arguments would apply equally to the Northern District of California.[2] Moreover, both ASUSTeK Taiwan and ASUS California have agreed they would submit to personal jurisdiction and venue in the Northern District of California for this case. Huang Decl. ¶ 14; Yan Decl. ¶ 15.

ASUSTeK Taiwan and ASUS California have also filed a declaratory judgment action against Round Rock in the Northern District of California that includes all of the patents at issue in this case, and also includes some suppliers of the components that Round Rock accuses of infringement. Though identifying suppliers is difficult given that Round Rock has not specifically identified all the accused products, the suppliers already in the Northern District of California case are not present in this case, making the Northern District of California case the better forum to proceed in. This case could easily be joined with the declaratory judgment action in the Northern District of California.

### 3. The Third Circuit Factors Favor A Transfer, Especially Given The Lack Of Connections To Delaware

The Third Circuit has set forth a variety of non-exhaustive factors to consider in analyzing a transfer under § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.

---

[2] To the extent the Court believes neither Delaware nor the Northern District of California have personal jurisdiction over ASUSTeK Taiwan, the Court *must* dismiss the case against ASUSTeK Taiwan. 28 U.S.C. § 1406(a).

1995). Here, the weight of the factors supports a transfer to the Northern District of California.

### a.     Private Interests

#### (i)     Defendants' Forum Preference

Defendants prefer the Northern District of California.  Defendants do not believe that personal jurisdiction or venue are proper in Delaware.  Thus, this factor weighs in favor of a transfer to the Northern District of California.

#### (ii)     Whether the Claim Arose Elsewhere

The claims arose, if anywhere, in the Northern District of California.  ASUS California imports the accused products in the Northern District of California and sells the products from the Northern District of California.  Thus, "Plaintiff's choice is entitled to less deference" because "the design, development and manufacture of Defendant's [accused] product occurs in California or overseas." *QinetiQ Ltd. v. Oclaro, Inc.*, No. 09-372 (JAP), 2009 WL 5173705, at *3 (D. Del. Dec. 18, 2009).

#### (iii)     The Convenience of the Witnesses and Documents

The convenience of the witnesses and documents unquestionably favors the Northern District of California over Delaware.  Despite advances in technology, the Federal Circuit has held that "it is improper to ignore" the "convenience of the witnesses and the location of the books and records." *Link_A_Media*, ___ F.3d ___, 2011 WL 6004566, at *3.  Moreover, as the Federal Circuit has noted, "in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Genentech*, 566 F.3d at 1345.

Though it is difficult to identify particular witnesses at this stage because Round Rock has not specifically identified all of the accused products or served its initial disclosures, the ASUS California witnesses and documents relevant to this case will likely all be located in Fremont, California (where ASUS California is headquartered), because 93% of ASUS California's employees are based there.  Yan Decl. ¶ 14.  Travel from Fremont to Delaware takes more than six hours and the flight alone costs hundreds of dollars.  Additional car or train travel is also necessary to get to Delaware since Delaware does not have a commercial airport.  Hotels

add even further expense. Such travel and hotels can be entirely eliminated if the case is transferred to the Northern District of California.

The Northern District of California is also significantly more convenient for ASUSTeK Taiwan since all of ASUSTeK Taiwan's witnesses and documents relevant to this case are likely located in Taiwan. Huang Decl. ¶ 13. Direct flights from Taipei to San Francisco take roughly 11 hours, while travel to Delaware requires two or more transfers (including at least one train or car to get into Delaware) and more than 20 hours of travel.

Even for the plaintiff Round Rock, Delaware is not any more convenient than the Northern District of California. To date, Round Rock has not identified any witnesses or documents in Delaware, and to the best of Defendants' knowledge, Round Rock does not have any place of business or employees in Delaware. Rather, Round Rock's principal place of business is in Mount Kisco, New York. D.I. 15 ¶ 1. Thus, Round Rock would have to travel to Delaware anyway. A car or train from Mount Kisco, New York to Delaware takes roughly four hours, while a flight between New York and San Francisco is only five and a half hours. More fundamentally, Round Rock appears to be a mere purchaser of the patents-in-suit, so it is not clear how many—or even if any—witnesses will be Round Rock employees.

For non-parties, the Northern District of California is also significantly more convenient. None of the inventors are located in Delaware, yet the inventor of at least one of the patents (U.S. Patent No. 7,336,531) is listed as being in the Northern District of California. Again, it is important to remember that Round Rock did not invent any of the patents-in-suit but rather bought them from third-party Micron Technology. Micron's principal place of business is in Boise, Idaho. Seven of the ten patents-in-suit list their named inventors as residing entirely in Idaho, and two more list the original assignee as being in Idaho. The distance between Boise, Eagle, and Nampa, Idaho (the locations listed on nine of the ten patents-in-suit) to San Francisco or Oakland, California is roughly 500 miles. By contrast, the distance from those same locations to Delaware is more than 2,100 miles. Direct flights from Boise to San Francisco take roughly an hour and forty minutes. By contrast, there are no direct flights from Boise to Delaware, nor

even cities near Delaware such as Philadelphia or Baltimore.  Even with the smallest possible number of stops and layover time, travel from Boise to Delaware takes more than six hours.  Thus, travel for the Idaho inventors and any witnesses from the former assignee is significantly easier to the Northern District of California.[3]

Many of the prior art witnesses are expected to be in the Northern District of California.  For example, in one patent-in-suit alone (U.S. Patent No. 7,389,369), five of the cited prior art references (U.S. Patent Nos. 6,191,663; 6,308,232; 6,438,068; and 6,441,595, and U.S. Patent App. Pub. Nos. 2002/0024884) list named inventors in the Northern District of California; none were listed in Delaware.  Such non-party witnesses would not be subject to subpoena power in Delaware, but would be subject to subpoena power in the Northern District of California.

By contrast, none of the key witnesses or documents is in Delaware.  "The fact that plaintiff has not identified a single material witness who resides in Delaware rather than California is telling and weighs in favor of transfer." *Teleconference*, 676 F. Supp. 2d at 333.

Delaware courts regularly transfer cases when, as here, there are no relevant witnesses or documents in Delaware.  For example, in one case, the Court transferred the case from Delaware to Southern California because the "critical factors" are "the convenience of the parties and the witnesses." *Boram Pharm. Co. v. Life Techs. Corp.*, No. 10-31, 2010 WL 2802727, at *2 (D. Del. July 14, 2010).  In *Boram*, the "key witnesses" were in Southern California, as were "key research, testing, development, marketing, sales, and manufacture of the Accused Product." *Id.* "In contrast, no witnesses or documents are identified as being in Delaware or within the subpoena power of this court." *Id.*  Similarly, in *QinetiQ*, the court transferred the case to the Northern District of California when "[n]either party in this case appears to have any offices, property, employees or records located in Delaware" and "[n]early all of [the defendant's] witnesses on the design, development, sales and marketing of MMI products are located there."

---

[3] The remaining patent lists its named inventors in Minnesota, which is in the middle of the country between California and Delaware.  Minnesota is roughly 1,500 miles from the Northern District of California and 1,000 miles from Delaware.  There are direct flights from Minneapolis to San Francisco, however, while there are no direct flights to Delaware.  Therefore, travel for the Minnesota inventors is roughly equivalent for either jurisdiction.

*QinetiQ*, 2009 WL 5173705, at *1, *4. The same is precisely true here. Not one key witness or document is located in Delaware. Instead, the bulk of the relevant documents and witnesses are located either in the Northern District of California or at a minimum significantly closer to the Northern District of California than to Delaware.

### (iv)    Plaintiff's Forum Preference

While Round Rock brought suit in Delaware, its principal place of business is in New York. D.I. 15 ¶ 1. To the best of Defendants' knowledge, Round Rock has no employees or place of business in Delaware. Round Rock's sole connection to Delaware is the fact that it is incorporated there. *Id.* However, incorporation in Delaware is not a § 1404 factor and Plaintiff's choice of forum cannot be given undue weight, especially when the other factors favor transfer. *See, e.g., Link_A_Media*, ___ F.3d ___, 2011 WL 6004566, at *3; *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp.2d 393, 398-99 (D. Del. 2002).

### b.    Public Interests

### (i)    Enforceability of the Judgment

Since neither Defendant is subject to personal jurisdiction in Delaware, Round Rock could not enforce a judgment in Delaware. Moreover, neither ASUSTeK Taiwan nor ASUS California owns any real property or bank account in Delaware, further hindering any possible enforcement. Huang Decl. ¶ 4; Yan Decl. ¶ 4. By contrast, ASUS California is headquartered in the Northern District of California. This factor thus weighs strongly in favor of transfer.

### (ii)    Practical Considerations Making Trial Easier, Less Expensive, or More Expeditious

"With regard to practical considerations that could make the trial easy, expeditious or inexpensive, these strongly favor transfer because key witnesses and documents are located in California and are easier to access there than in Delaware." *Teleconference*, 676 F. Supp. 2d at 335. As discussed above, transferring the case to the Northern District of California makes travel for ASUS California, at least one inventor, and many of the prior art witnesses unnecessary. Travel would also be less time consuming and cheaper for both ASUSTeK Taiwan

and the numerous inventors located in Idaho. Subpoena power over non-party witnesses, such as prior art witnesses in Silicon Valley, makes depositions and trial significantly easier in California. "The fact, as plaintiff notes, that the parties are large corporations and by implication can afford to indulge in litigation in this, the more expensive forum, is no reason for the court to countenance this indulgence." *Boram*, 2010 WL 2802727, at *2.

In addition, as noted above, Round Rock's patents are really directed at low-level components rather than Defendants' products, and the component suppliers already in the declaratory judgment case in the Northern District of California are not present in this case, making the California case the better to proceed with given the suppliers' interest in defending against the patents-in-suit and the parties' access to discovery from those suppliers.

**(iii)   Local Interest in Deciding Local Controversies at Home and Public Policies of the Fora**

California obviously has a strong interest in cases against a corporation incorporated in California and headquartered in California that is based on the importation of products into California and the sale of products from California. In contrast, the main interest Delaware has in this case is that the Plaintiff is incorporated there (even though its principal place of business is not in Delaware). As discussed above, incorporation of the plaintiff is not sufficient reason to keep the case in Delaware when the majority of the real connections are to California. *Link_A_Media*, ___ F.3d ___, 2011 WL 6004566, at *3 (holding a party's "state of incorporation, however, should not be dispositive of the public interest analysis").

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Round Rock's Complaint be dismissed for lack of personal jurisdiction and improper venue. In the alternative, Defendants ask that the Court transfer the case to the Northern District of California.

ASHBY & GEDDES

/s/ John G. Day

John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

John P. Schnurer
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
(858) 720-5700
jschnurer@perkinscoie.com

Dated: December 23, 2011