# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 15, 2012

The Honorable Richard G. Andrews          VIA ELECTRONIC FILING
United States District Court
844 North King St.
Wilmington, DE  19801

    Re:    *Round Rock Research, LLC v. ASUSTeK Comp., et al.,*
              C.A. No. 11-978-RGA (D. Del.)

Dear Judge Andrews:

       Pursuant to this Court's Order of August 13, 2012, Defendants ASUSTeK and ACI submit the following letter identifying the outstanding discovery disputes and Defendants' positions.

       On April 6, the Court granted Round Rock's request to take jurisdictional discovery. Round Rock served written discovery and sought 30(b)(6) witnesses on April 19 and Defendants served answers and objections on May 21.  On May 24, Defendants produced their documents. On May 25, the parties filed a Joint Status Report which indicated that ASUSTeK's document production was complete and that ACI's production was complete except for eStore sales prior to January 2011.  In the Joint Status Report, the parties indicated that any supplement briefing from Round Rock would be due 14 days after the 30(b)(6) depositions.  [D.I. 38 at 1.]  ACI's pre-January 2011 eStore records were produced on June 18 (technical problems prevented earlier production of these materials).  On May 31, ASUSTeK offered a corporate witness in Taiwan on June 12 (later adding June 14 as an option).  Round Rock declined to take ASUSTeK's witness on those dates and instead preferred to take the witness more than a month later (ultimately the witness was deposed for two days on July 25 and 26).  On June 2, Round Rock complained about Defendants' responses to Interrogatory Nos. 1 and 2 (wanting Defendants to undertake an investigation of nearly one thousand products).  Defendants responded on June 10.  Thereafter, Round Rock did not again raise an issue regarding Defendants' interrogatory responses.  ACI's corporate witness was deposed on July 17.

       To date ASUSTeK and ACI have produced or provided:

       1) records (in both TIFF and native form) reflecting all sales of any item in the United States (whether through the Internet or by invoice, whether to locations in Delaware or not) for six years preceding the filing of Round Rock's lawsuit;

2) records (in both TIFF and native form) of all product registrations of any item for anyone identifying a United States address for six years preceding the filing of Round Rock's lawsuit;

3) records (in both TIFF and native form) of all product return authorizations of any item for anyone identifying a United States address for six years preceding the filing of Round Rock's lawsuit;

4) responses to all of Round Rock's interrogatories addressing a wide range of issues;

5) numerous other documents (including product catalogs for six years preceding the filing of Round Rock's lawsuit and various corporate agreements between ASUSTeK/ASTP/ACI and third parties); and

6) three days of corporate witnesses testimony (ACI for a day, ASUSTeK for two days).

In addition, Defendants understand that Round Rock has served subpoenas on at least Best Buy, Staples, and Office Depot. Simultaneously with demanding such extensive discovery from Defendants and third parties in the Delaware case, Round Rock has refused to provide ***any*** jurisdictional discovery in the related Northern District of California matter, in defiance of Judge Wilken's Order allowing jurisdictional discovery there.

As Defendants understand it, the outstanding discovery disputes are those identified in a five page, single spaced letter Round Rock sent at 4:59pm PST on August 2, 2012 (i.e., 5 business days before Round Rock's brief was due). Those disputes are too numerous to address individually but fall into three categories: 1) new requests for documents/information; 2) complaints about the May 24 document production; and 3) complaints about the testimony of ACI and ASUSTeK's corporate witnesses.

**1)      New Requests For Documents/Information**

Round Rock's letter of August 2 includes new demands for the following documents/information: 1) all transcripts of prior depositions and declarations of ACI's corporate representative, Godwin Yan; 2) all purchase agreements between ACI and ASTP; 3) documents of sales information provided by ACI resellers to ACI of reseller sales; 4) contracts with Defendants' contract manufacturers in Asia; 5) documents reflecting Defendants' corporate relationships with third parties Google, AMD, Intel, and NVidia that do not sell any of the accused products; 6) contracts for 2005 contract work ASUSTeK did for HP and Apple for products that are not accused of infringement; 7) records from third party resellers in countries outside of the U.S. such as India; and 8) business cards and names of every ACI and ASUSTeK director, officer, manager, and VP in Western script, Chinese characters, ***and*** phonetic Chinese.

**Defendants' Position:**

All requests for documents and information should have been made prior to August 2 and additional requests at this time are simply an effort to delay resolution of Defendants' motion. Moreover, much of the requested information appears to be irrelevant (e.g., how do ASUSTeK's sales in India bear on alleged personal jurisdiction in Delaware?).

**2)         Complaints About the May 24 Document Production**

Ignoring Defendants' objections to the definitions, instructions, and requests, Round Rock asserts that various documents should previously have been produced (e.g., information related to "indirect sales" and/or with unidentified "Delaware residents" or "Delaware corporate citizen resellers").

**Defendants' Position**

To the extent that Round Rock had complaints about the Defendants' objections and May 24 document production, Round Rock should have raised them, conducted a meet and confer, and approached the Court (if necessary) in the more than two months after the production and prior to 5 business days before Round Rock's brief was due. In each instance, Defendants properly objected and produced relevant, unobjected to materials.

**3)         Complaints About The Testimony of ACI and ASUSTeK's Corporate Witnesses**

Ignoring Defendants' objections to the definitions, instructions, and topics, Round Rock asserts that ACI and ASUSTeK's corporate witnesses were "not fully" prepared to address the topics. In each instance, Round Rock complains that while the witness was prepared to address the topic, there was some aspect or detail that was not identified with reasonable particularity in the noticed topics that the witness could not address.

**Defendants' Position**

To the extent that Round Rock had complaints about Defendants' objections, Round Rock should have raised them, conducted a meet and confer, and approached the Court (if necessary) in the nearly two months after the objections were served before the depositions occurred on and prior to 5 business days before Round Rock's brief was due. In each instance, if Round Rock wanted a witness to offer testimony on the complained of aspect, Round Rock could have served a notice identifying that topic with reasonable particularity. At this point, Round Rock's requests for more depositions and documents are merely either a delaying tactic or a fishing expedition because the facts do not support Round Rock's claim of personal jurisdiction in Delaware.

At the end of the day, the factual situation in this case is the same as it was on December 23, 2011, when Defendants filed their motion. Armed with all the sales data for the U.S. for six years prior to the filing of the suit, Round Rock is unable to make a *prima facie* showing that ASUSTeK is subject to personal jurisdiction in this Court. Likewise, Round Rock is unable to make a *prima facie* showing that ACI is subject to personal jurisdiction of this Court for at least two of the asserted patents.

Respectfully,

/s/ *John G. Day*

John G. Day

JGD/ nml

cc:     Counsel of Record (via electronic mail)

{00660901;v1 }