**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 11-978-RGA** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ASUSTEK COMPUTER INC. and** | ) | |
| **ASUS COMPUTER** | ) | |
| **INTERNATIONAL, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ROUND ROCK RESEARCH'S RENEWED OPPOSITION TO
ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL, INC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND IMPROPER VENUE AND MOTION TO TRANSFER**

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Paul A. Bondor (admitted *pro hac vice*)
Jonas R. McDavit (admitted *pro hac vice*)
Lauren M. Nowierski (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
pbondor@desmaraisllp.com
jmcdavit@desmaraisllp.com
lnowierski@desmaraisllp.com

*Counsel for Plaintiff*

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II.  PROCEDURAL BACKGROUND.................................................................... 2

III.  FACTS CONFIRMED THROUGH JURISDICTIONAL DISCOVERY ......................... 2

  A.  Defendants' History in the U.S. Market .................................................. 3

  B.  Defendants Directly And Indirectly Sell, Offer To Sell, and Market The Infringing Products In Delaware, Collect After-Sales Registration Information from Delaware Consumers, and Directly Provide After-Sales Support and Service to Delaware Consumers ................................................. 3

    1.  Defendants Intend To Market And Sell ASUS-Brand Products In Delaware ................................................................................ 4

    2.  Defendants Directly And Indirectly Sell, Offer For Sale, and Service In Delaware Products That Infringe Each Of The Patents-in-Suit.4

      a.  Defendants Sold Products That Infringe Each Patent-In-Suit To Delaware Customers ........................................... 5

      b.  Defendants Collect Registration Information From Delaware Residents, Which Confirms Sales and Support of Infringing ASUS-Brand Products In Delaware. ........................... 6

      c.  ACI (at ASUSTeK's Direction) Services Infringing ASUS Products In Delaware Or For Delaware Customers...................... 7

      d.  ASUSTeK's Wholly-Owned and Controlled Subsidiary ACI Contracts With National Resellers To Distribute Infringing ASUS-Brand Products In Delaware. ........................... 7

  C.  Infringing ASUS Products Originate From ASUSTeK ......................................... 9

    1.  ASUSTeK Designs and Manufactures ASUS-Brand Products ................. 9

    2.  ASUSTeK Instructs End Users How To Use ASUS-Brand Products............................................................................... 10

    3.  ASUSTeK Distributes ASUS-Brand Products to ASTP, Its Wholly-Owned Singapore Distribution Subsidiary, To Distribute to Its Other Subsidiaries Including ACI................................... 10

  D.  ACI Is ASUSTeK's Agent in the United States. ................................................. 11

    1.  █████████████████████████████████████████

    2.  █████████████████████████████████████████ ............................................................. 13

    3.  ASUSTeK Controls Marketing in the United States Through ACI.......... 14

IV.  LEGAL STANDARDS ................................................................................. 15

V.      ARGUMENT ............................................................................................... 16

    A.      Specific Personal Jurisdiction Exists. .................................................. 16

        1.      ACI Is Subject To Specific Jurisdiction In Delaware. ............................. 16

        2.      ASUSTeK Is Subject To Specific Jurisdiction In Delaware. ................... 17

    B.      Dual Personal Jurisdiction Exists ......................................................... 19

    C.      Constitutional Due Process is Satisfied. ............................................... 20

VI.     DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND
    MOTION TO TRANSFER .......................................................................... 20

VII.    CONCLUSION ........................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*C.R. Bard, Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998)...................................................................... 18

*Cephalon, Inc. v. Watson Pharmaceuticals, Inc.*,
   629 F.Supp.2d 338 (2009) ............................................................................. 18

*Eastman Chem. Co. v. AlphaPet Inc.*,
   No. 09-CV-971-LPS-CJB, 2011 WL 6004079 (D. Del. Nov. 4, 2011) ................... 15

*Freres v. SPI Pharma, Inc.*,
   629 F. Supp. 2d 374 (D. Del. 2009).................................................................. 15

*Hamilton Partners, L. P. v. Englard*,
   11 A.3d 1180 (Del. Ch. 2010) ........................................................................ 17

*Intel Corp. v. Broadcom Corp.*,
   167 F. Supp. 2d 692 (D. Del. 2001).................................................................. 15

*Japan Petroleum Co. v. Ashland Oil, Inc.*,
   456 F. Supp. 831 (D. Del. 1978)...................................................................... 18

*LaNuova D & B, S.p.A. v. Bowe Co.*,
   513 A.2d 764 (Del. 1986) .............................................................................. 16

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
   547 F. Supp. 2d 365 (D. Del. 2008)........................................................ 15, 17, 19

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
   537 F. Supp. 2d 635 (D. Del. 2008).............................................................. 15, 16

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)..................................................................................... 16

**Statutes**

10 Del. C. § 3104 ........................................................................................... 18, 20

## I.      INTRODUCTION

Round Rock Research, LLC ("Round Rock") renews and supplements its opposition to defendants ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International's ("ACI") motion to dismiss this case for lack of personal jurisdiction.   Court-ordered jurisdictional discovery confirms that defendants are subject to this Court's jurisdiction.   Both defendants' documents and witness testimony substantiate Round Rock's original January 17, 2012 opposition brief.  Specifically, Round Rock has verified that:

- ASUSTeK's wholly-owned U.S. sales and service subsidiary ACI directly sells and offers for sale infringing products to Delaware customers through its "eStore."

- ██████████████████████████████████████████████████████

- ASUS-brand products that infringe each of the patents-in-suit are sold or offered for sale in Delaware, both directly and indirectly.

- ACI has shipped directly to Delaware addresses more than $█████ worth of infringing ASUS-brand products.

- Authorized ASUS retailers Office Depot and Best Buy respectively sold over $████ and $██████ worth of infringing ASUS-brand products since 2010 in Delaware.

- ASUSTeK formed ACI to serve the entire U.S. market, including Delaware, as its agent for sales, support, and warranty services; ASUSTeK directed its wholly-owned subsidiary ACI to provide after-sales support and service to customers; and defendants also service infringing products in Delaware at Best Buy locations.

- ASUSTeK controls ACI and its activities, as evidenced by the overlap of ASUSTeK and ACI's boards of directors and officers, and by its control over the ASUS-brand products ACI sells at ASUSTeK's direction, which form ACI's sole product line.

Defendants cannot dispute those facts.  Nor can they dispute that Delaware consumers purchase, register, operate, and seek support and service for those infringing products, which defendants provide to Delaware consumers to further their understandable goal to serve and expand their already-considerable share of the U.S. consumer electronics market.   Accordingly, the Court should reject defendants' motion to dismiss, deny their motion to transfer, and issue a scheduling order that permits Round Rock to expeditiously pursue its case in Delaware.

1

## II.     PROCEDURAL BACKGROUND

Round Rock filed this patent infringement action against defendants in October 2011 asserting nine patents.  (D.I. 1.)  Round Rock amended its complaint in December to add one additional patent to the suit.  (D.I. 15.)  Defendants moved to dismiss for lack of personal jurisdiction under F.R.C.P. 12(b)(2), or in the alternative, transfer this action to the Northern District of California.  (D.I. 17.)  Defendants also filed a declaratory judgment action in the Northern District of California on the same patents-in-suit in an effort to manufacture justification for transferring this action.  On April 6th, after briefing was complete, the Court held oral argument on defendants' motion to dismiss and/or transfer.  The Court deferred ruling on the motions and ordered defendants to provide jurisdictional discovery.  Round Rock served jurisdictional discovery requests on April 19th, including document requests, interrogatories, and deposition topics.  Defendants produced documents on May 23rd and June 18th.  Round Rock deposed ACI's 30(b)(6) witness, Godwin Yan, on July 17th and ASUSTeK's 30(b)(6) witness, William Huang, on July 25th and 26th.  After a discovery hearing on August 17th, defendants produced additional documents to address deficiencies in their earlier productions.

## III.    FACTS CONFIRMED THROUGH JURISDICTIONAL DISCOVERY

In its January 17, 2012 opposition brief, Round Rock established, solely through publicly available information, that ASUSTeK is one of the world's largest consumer electronics corporations, and that ACI is ASUSTeK's wholly-owned U.S. subsidiary.  (D.I. 22, D.I. 24, Exs.1-5.)  Round Rock further established that ACI sells and offers for sale ASUS-brand products directly to Delaware consumers; that its authorized resellers market, sell, and offer for sale ASUS-brand products in Delaware; and that defendants provide central access to ASUS-brand product technical support, user manuals, and marketing materials through defendants' websites.  (*See, e.g.*, D.I. 22 at 2-4; D.I. 24, Ex. 10-20; D.I. 25 ¶¶ 1-5.)  Finally, Round Rock showed ASUSTeK's control over its wholly-owned subsidiary ACI and others.  (D.I. 24, Ex. 3.)  Round Rock incorporates its prior briefing and argument here and supplements those facts with additional confirmatory details developed in jurisdictional discovery.

2

## A.     Defendants' History in the U.S. Market

ASUSTeK is the ASUS-brand parent company that designs and manufactures all ASUS-brand products.  In 1994, ASUSTeK established ACI, a U.S. subsidiary, for marketing, sales, support, and repair of ASUS-brand products in the United States.  (Ex. 1 at ASUS-RR0000008-09.)[1]  In 2006, ASUSTeK set up ASUS Technology Pte Ltd. ("ASTP"), a wholly-owned Singapore subsidiary, as its "Global Headquarters" to serve as ASUS' "business center for sales, marketing, customer service, procurement and finance."  (Ex. 2.) 
Under these arrangements, ACI sold more than $          worth of ASUS-brand products in the United States from the end of 2005 through the first quarter of 2012.

## B.     Defendants Directly And Indirectly Sell, Offer To Sell, and Market The Infringing Products In Delaware, Collect After-Sales Registration Information from Delaware Consumers, and Directly Provide After-Sales Support and Service to Delaware Consumers

Defendants intend to serve and do serve the Delaware market through selling ASUS-brand products, including infringing products, to Delaware consumers, servicing registered ASUS-brand products sold to Delaware consumers, and offering and providing directions to use the infringing computers.  Jurisdictional discovery confirmed that at least one exemplary accused product for each patent-in-suit is sold or offered for sale in Delaware either directly by defendant ACI, indirectly through national resellers, or both.  Discovery also confirmed that

---

[1] Unless otherwise noted, all exhibits cited are exhibits to the declaration of Lauren M. Nowierski.

both defendants provide after-sales service and support to Delaware users, including user manuals that direct Delaware consumers' infringing use of the accused products.

      **1.**      **Defendants Intend To Market And Sell ASUS-Brand Products In Delaware**

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████   ███████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████

Defendants do not exclude Delaware from their marketing and sales efforts. ████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████  ████████

███████████████████████████████████████  ████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

      **2.**      **Defendants Directly And Indirectly Sell, Offer For Sale, and Service In Delaware Products That Infringe Each Of The Patents-in-Suit.**

Through jurisdictional discovery Round Rock confirmed that ACI directly sells infringing products to Delaware residents and corporate citizens. (E.g., D.I. 22 at 2-3; ████

██████████████████████████████████████████████████████████

███████████████████████████  ████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ Accordingly,

defendants intentionally and purposefully introduce infringing products to the Delaware market.

### a. Defendants Sold Products That Infringe Each Patent-In-Suit To Delaware Customers

Defendants produced sales records for ACI's eStore's sales from 2005 through 2012.

(*E.g.*, Ex. 6.) ████████████████████████████████████████████████

█████████████████████████████████████████████████████ The EP-121 tablet computer is specifically named in the Amended

Complaint as an exemplary accused product for the '174 patent.  (D.I. 15 ¶ 31.)  Although not

specifically named as such in the Amended Complaint, subsequent analysis of that product also

confirmed that the EP-121 tablet contains a heat dissipating LCD, the accused instrumentality

for the '109 patent, a solid state drive, the accused instrumentality for the '531 patent, and a

CMOS sensor, the accused instrumentality for the '727 patent.  (D.I. 15 at ¶ 22, 67, 103.)

Defendants also produced records of ACI's sales to Delaware via third party distributors since

2005.  (*See, e.g.*, Ex. 7.) █████████████████████████████████████████████

████████████████████████████████████████████████████ Round

Rock specifically named those product lines as infringing several patents-in-suit:  the '174, '764,

'843, '613, '727, '823, '979, and '369 patents.  (D.I. 15, ¶¶ 31, 40, 49, 58, 67, 76, 85, and 94.)

Finally, as noted in the initial briefing, Round Rock purchased from the eStore, and from

Delaware retail stores an Eee Slate, Model No. EP-121 and a Zenbook, Model No. UX31, the

exemplary product for the '531 patent.  (D.I.25 ¶¶ 3, 8; D.I. 15 ¶ 103.)[2]

---

[2] Round Rock also purchased the Google/ASUSTeK Nexus 7 tablet, which (at least) contains an infringing heat-dissipating LCD, the accused instrumentality for the '109 patent.  (Farnan Decl. ¶ 1; D.I. 15 ¶ 22.) ██████████████████████ ASUSTeK was responsible for the manufacture of the Nexus 7 tablet.  (Ex. 58.) ████████████████████ The Nexus 7 tablet bears the "ASUS" trademark.  (Farnan Decl. ¶ 3.)  ASUS does not prevent the Nexus 7 tablet from being sold to a Delaware resident or shipped to a Delaware address.  (Farnan Decl. ¶ 1.)  The Nexus 7 tablet is advertised in Delaware newspapers.  (Farnan Decl. ¶ 4.)

**b.    Defendants Collect Registration Information From Delaware Residents, Which Confirms Sales and Support of Infringing ASUS-Brand Products In Delaware.**

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████

The product registration records show that ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ :

| Patent-in-suit | Exemplary Product(s) | D.I. 15 | █████ |
|---|---|---|---|
| '109 patent | VW246H | ¶ 22 | |
| '174 patent | Eee Slate tablet computers; CM desktop computers; Eee "All-in-One" personal computers; Bamboo, U, UL, F, N, G, K, and B series notebook computers; Internet Radio series internet radios; and Skype Phone AiGuru S2 internet phones. | ¶ 31 | █ |
| '764 patent | N series notebooks | ¶ 40 | |
| '843 patent | All-in-One PC computers and N series notebooks | ¶ 49 | █ |
| '613 patent | Essentio and Eee desktop computers; Eee tablets; U, N, F, M, X, G, K, A, F, K, and B notebook computers; T and R servers; and AMD and Intel series motherboards | ¶ 58 | |
| '727 patent | K52 line of notebooks | ¶ 67 | █ |
| '823 patent | *See* '613 patent | ¶ 76 | |
| '979 patent | *See* '613 patent | ¶ 85 | |
| '369 patent | *See* '613 patent | ¶ 94 | |
| '531 patent | UX series notebooks | ¶ 103 | |

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████    Although Defendants asserted that they were not aware those particular products were sold in Delaware (D.I. 18 at 7; D.I. 28 at 7), discovery proved otherwise.

**c.      ACI (at ASUSTeK's Direction) Services Infringing ASUS Products In Delaware Or For Delaware Customers.**

████████████████████████████████████████████████████████

███████████████████  █████████████████████████████████████

███████████  ████████████████████████████████████████

████████████████████████████████████████████████████ :

| Patent-in-suit | Exemplary Product(s) | D.I. 15 | ████████████ |
|---|---|---|---|
| '109 patent | VW246H | ¶ 22 | ███████ |
| '174 patent | Eee Slate tablet computers; CM desktop computers; Eee "All-in-One" personal computers; Bamboo, U, UL, F, N, G, K, and B series notebook computers; Internet Radio series internet radios; and Skype Phone AiGuru S2 internet phones. | ¶ 31 | ███████ |
| '764 patent | N series notebooks | ¶ 40 | ███████ |
| '843 patent | All-in-One PC computers and N series notebook computers | ¶ 49 | ███████ |
| '613 patent | Essentio and Eee desktop computers; Eee tablets; U, N, F, M, X, G, K, A, F, K, and B notebook computers; T and R servers; and AMD and Intel series motherboards | ¶ 58 | ███████ |
| '727 patent | K52 line of notebooks | ¶ 67 | ███████ |
| '823 patent | *See* '613 patent | ¶ 76 | ███████ |
| '979 patent | *See* '613 patent | ¶ 85 | ███████ |
| '369 patent | *See* '613 patent | ¶ 94 | ███████ |
| '531 patent | UX series notebooks | ¶ 103 | ███████ |

███████████████████████████████████████████████████████

████████████████████████████████████████████████ Thus, ACI, at ASUSTeK's direction, serviced accused products for Delaware customers.

**d.      ASUSTeK's Wholly-Owned and Controlled Subsidiary ACI Contracts With National Resellers To Distribute Infringing ASUS-Brand Products In Delaware.**

ACI sells the accused ASUS-brand products to national resellers, ████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████  ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Some of these resellers are themselves Delaware corporations, ███████████████

██████████████████████████████████████████████████████

███████████████████████████████████████ Many of these well-known

national resellers also have retail stores in Delaware, ██████████████████

████████████████████████

Sales records obtained from two exemplary ACI customers demonstrate the significant

presence of the accused products in Delaware.[3] ████████████████████████

██████████████████████████████████████████████████████

████████████████ Office Depot's North American Retail Division sells ASUS-brand products

through its chain of office supply stores in the United States and Canada, including one store in

Delaware, located at 4211 Concord Pike in Wilmington.  (Exs. 4, 33.)  Office Depot also

operated a second retail store in Newark, Delaware, that closed earlier this year.  (Exs. 33, 39.)

In response to a document subpoena, Office Depot produced sales records for certain accused

ASUS-brand products sold to Delaware consumers through its Delaware retail stores or its

website from 2010 through 2012.  (Ex. 43, ¶ 3 ).  Since 2010, Office Depot has sold over

███████ of infringing ASUS-brand products to Delaware consumers.  ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████ Best Buy operates retail stores

nationwide, which offer for sale a wide variety of products such as consumer electronics,

including ASUS-brand products.  (Ex. 32 ¶ 2).  Best Buy has four retail locations in Delaware,

and at least one nationally available retail website, http://www.BestBuy.com ("BestBuy.com"),

all of which offer for sale ASUS-brand products.  (*Id.* ¶ 3, 4.)  In response to a document

subpoena, Best Buy produced sales records for certain accused ASUS-brand products sold to



---

[3] Sales records were also subpoenaed from Staples, a Delaware corporation with Delaware retail stores.  (D.I. 40.)
At the time of this briefing, the data obtained from Staples was not yet complete.

Delaware consumers through its Delaware retail stores or its website from 2010 through 2012 (Exs. 32 ¶ 8; 40.)  Since 2010, Best Buy has sold over $▮▮▮▮▮ of infringing ASUS-brand products to Delaware consumers.  (Ex. 40.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**C.    Infringing ASUS Products Originate From ASUSTeK**

Jurisdictional discovery confirms that ASUSTeK is not a merely a shell parent corporation or holding corporation.  Rather, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**1.    ASUSTeK Designs and Manufactures ASUS-Brand Products**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ASUSTeK directs the manufacture of ASUS-brand products.  (Ex. 42 (noting the scope of the company is the "design, manufacture, processing and sales of various computer

products").) ███████████████████████████████████

████████████████████████████████████████████████

██████████ ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ Both defendants' names and addresses are featured prominently

on the packaging of accused products.  (D.I. 25, Exs. K, O, P; Farnan Decl. Ex. F.)

### 2.     ASUSTeK Instructs End Users How To Use ASUS-Brand Products

ASUSTeK instructs end users how to use its products by writing and distributing user

manuals and guides. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████ ASUS-brand

product manuals available in the United States identify ASUSTeK as the author.  ████████

████████ Exs. 44, 45.)  Those manuals also identify ASUSTeK as the manufacturer.  (*E.g.,* ████

████████████ D.I. 25, Exs. G, O.)

### 3.     ASUSTeK Distributes ASUS-Brand Products to ASTP, Its Wholly-Owned Singapore Distribution Subsidiary, To Distribute to Its Other Subsidiaries Including ACI.

ASUSTeK has constructed a network of wholly-owned subsidiaries to assist in the sales,

marketing, and distribution of its products.  ASTP is ASUSTeK's "Global Headquarters" for

international distribution of ASUS-brand products.  (Exs. 2, ███████████████████

██████████████████████████████ ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[4] Pegatron was a wholly owned ASUSTeK subsidiary, but is now a partially owned.  (Ex. 1 at ASUSRR0000047.)

█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████ ██ ███████████████ ████ ███████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
██████████████████████████████ Through those subsidiaries, ASUSTeK ensures its products reach every global market for consumer electronics, and specifically that ASUS-brand computers are sold, offered for sale, supported, serviced, and used throughout the United States, including in Delaware.

**D.      ACI Is ASUSTeK's Agent in the United States.**

Jurisdictional discovery also confirmed that ACI is ASUSTeK's U.S. agent, and ASUSTeK controls ACI's activities. ████████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████████████████ ████████████ █████████████████████████████████████ █████████████████████████████████████████████████ █████████████████████████████████████████████████ ████████████████████████████████ A chart of the overlapping directors and officers is provided below:

|  | ACI | ASUSTeK | ASTP |
|---|---|---|---|
| **Directors** | ████████ | **Jerry Shen** | ████████ |
|  | ████████ | **Eric Chen** | ████████ |
|  | ████████ | Jonney Shih | ████████ |
|  |  | Jonathan Tsang |  |
|  |  | Hung-Chang Hung Hsien-Yuen Hsu |  |

11

| | | Min-Chieh Hsieh<br>Tze-Kaing Yang<br>Chung-Jen Cheng<br>Long-Hui Yang | |
|---|---|---|---|
| **Officers** | ███████ | Jonney Shih<br>**Jonathan Tsang**<br>**Jerry Shen** | ██████<br>██████ |

Beyond the overlap in board members and officers, ASUSTeK controls the distribution, service, support, marketing, and advertising of ASUS-products in the United States through ACI. ASUSTeK wholly owns each subsidiary, with the ability to control the management, and including all of its subsidiaries assets and sales on its balance sheet. (Ex. 1 at ASUS-RR0000130-46.) ████████████████████████████████

████████████████████████████████████████

████████████████████████████████

1. ████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████████ ██████████████

████████████████████████████████

████████████████████████████████

██████████████████████████ ██ ███████

██████████ U line notebooks are accused products in this case for the '174, '613, '823, '979, and '369 patents. (D.I. 15 ¶¶ 31, 58, 76, 85, 94) ██████████████

████████████████████████████████

████████████████████████████████

██████████████████████

12

**2.** 

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████      ██████████████████████

████████████████████████████████████████████████

██████████████████████████████████

### 3.      ASUSTeK Controls Marketing in the United States Through ACI

ASUSTeK controls marketing and advertising in the United States.  ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

Finally, most if not all of the content on ACI's website, for marketing purposes, is provided by ASUSTeK.  The content of those pages includes detailed information about ACI's parent, ASUSTeK.  (D.I. 24, Ex. 21.)  ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

## IV.    LEGAL STANDARDS

The legal standards for determining personal jurisdiction have not substantially changed since the parties originally briefed this issue.  (D.I. 17, 22.)  In Delaware, personal jurisdiction exists where the defendant's actions come within any of the provisions of Delaware's Long-Arm statute (10 Del. C. § 3104) and where exercising personal jurisdiction comports with constitutional due process.  *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 369 (D. Del. 2008) (citation omitted).  The Delaware Supreme Court liberally construes § 3104 in order "to provide residents a means of redress against those not subject to personal service within the State."  *Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 383 (D. Del. 2009) (citation omitted).  Accordingly, Delaware's Long-Arm Statute is interpreted to the fullest extent allowed by the Due Process clause.  *See Power Integrations*, 547 F. Supp. 2d at 370 ("[T]he only limit placed on [Delaware's long-arm statute] is that it remain within the constraints of the Due Process Clause.")

Delaware courts will exercise specific personal jurisdiction where the cause of action arises out of or relates to the defendant's contacts with the forum.  *Power Integrations*, 547 F. Supp. 2d at 370; *see* 10 Del. C. § 3104(c)(1)-(3).  Even if specific jurisdiction is not present, Delaware Courts will exercise "dual jurisdiction" where a defendant intends to serve the Delaware market and the cause of action arises from the entry of the defendant's product into the market.  *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-CV-971, 2011 WL 6004079, at *16 (D. Del. Nov. 4, 2011); *Power Integrations*, 547 F. Supp. 2d at 371-72.

Constitutional due process is satisfied if "sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008).  The purpose of this requirement is to ensure that "defendant's conduct and connection with the

15

forum state are such that he should reasonably anticipate being haled into court there." *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## V.      ARGUMENT

Jurisdictional discovery confirms defendants' substantial, consistent, and purposeful past and continuing contacts with Delaware.  For all the reasons explained in Round Rock's initial briefing, and by the additional supporting facts detailed here, both defendants are subject to specific jurisdiction and "dual" jurisdiction in Delaware

### A.      Specific Personal Jurisdiction Exists.

#### 1.      ACI Is Subject To Specific Jurisdiction In Delaware.

This Court has specific jurisdiction over ACI because ACI purposefully directs its activities at Delaware residents by selling, offering to sell, marketing, and servicing the warranties of infringing products both directly and indirectly through third parties, and the patent infringement action arises from these actions.  *See TriStrata*, 537 F. Supp. 2d at 640-41 (footnote omitted) (specific personal jurisdiction exists in patent infringement suit where defendant marketed infringing products through a third party); *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986) (personal jurisdiction exists for foreign company whose product entered Delaware and provided a warranty to Delaware customers).  *First*, ACI sells and offers for sale infringing ASUS-brand products in Delaware directly through its website and through national resellers with physical and virtual presence in Delaware.  (Sections III.B.1, III.B.2, *supra*.) ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

*Second*, ACI supports and services infringing ASUS-brand products purchased by Delaware residents. ██████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

16

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

*Finally*, ACI markets infringing ASUS-brand products to U.S. consumers, including to Delaware residents. ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████

Because this patent infringement action arises out of or relates to ACI's infringing sales, offers for sale, and use of infringing products in this District, ACI is subject to specific personal jurisdiction here.  *See, e.g.*, *Power Integrations*, 547 F. Supp. 2d at 370; 10 Del. C. § 3104(c)(1)-(3).

### 2.    ASUSTeK Is Subject To Specific Jurisdiction In Delaware.

This Court has specific jurisdiction over ASUSTeK because Round Rock's cause of action—infringement of its patents—arose as a result of ASUSTeK's actions in Delaware.  *E.g.*, *TriStrata*, 537 F. Supp. 2d at 640 (quotations and citations omitted).  ███████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████  *See Hamilton Partners, L. P. v. England*, 11 A.3d 1180, 1196 (Del. Ch. 2010) ("'[A] single transaction is sufficient to confer [specific] jurisdiction where the claim is based on that transaction.'") (citation omitted); ███████████

17

███████████████████████████████████████████████

██████████████████████████████████████ D.I. 25, Exs. D, S.)

*Finally*, because ACI is subject to personal jurisdiction in Delaware, ASUSTeK is also subject to personal jurisdiction in Delaware because its employs ACI as its agent to sell and service its ASUS-brand products in the United States.   *E.g., Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338 (2009) ("Under the agency theory, the court may attribute the actions of a subsidiary company to its parent where the subsidiary acts on the parent's behalf or at the parent's direction." (citations and quotations omitted)); *see also* § III.D, *supra*.   Factors courts consider include stock ownership, officers and directors, responsibility of day-to-day operations, and "the arrangement between the parent and the subsidiary, the authority given in that arrangement, and the relevance of that arrangement to the plaintiff's claim."   *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998); *Japan Petroleum Co. v. Ashland Oil, Inc.*, 456 F. Supp. 831 (D. Del. 1978).   ASUSTeK owns 100% of ACI and ASUSTeK and ACI's officers and directors substantially overlap.   *See* § III.D, *supra*. ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Because ASUSTeK has purposefully directed its activities—manufacturing, designing, providing warranties and instructions for accused products for all patents-in-suit in Delaware, because ASUSTeK employs ACI as its agent, and because the action for patent infringement arises out of these contacts, ASUSTeK is subject to specific personal jurisdiction in Delaware.

**B.      Dual Personal Jurisdiction Exists.**

Both ACI and ASUSTeK are also subject to "dual" jurisdiction in Delaware as manifested in (1) their intent and purpose to serve the Delaware market, and (2) that Round Rock has shown with more than a reasonable particularity that accused products for all patents ended up in Delaware.  *Power Integrations*, 547 F. Supp. 2d at 372 ("'[I]f the intent or purpose on behalf of the manufacturer to serve the Delaware market results in the introduction of the product to this State and plaintiffs cause of action arises from injuries caused by that product, [dual jurisdiction] is satisfied.'" (citation omitted)).

Both ACI and ASUSTeK have expressed intent to serve the Delaware market.  *See Power Integrations*, 547 F. Supp. at 373 ("A non-resident firm's intent to serve the United States market is sufficient to establish an intent to serve the Delaware market, unless there is evidence that the firm intended to exclude from its marketing and distribution efforts some portion of the country that includes Delaware."); *see also* § III.B.1, *supra*. ██████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

Round Rock has shown with more than a reasonable particularity that the accused ASUS-brand products for all patents ended up in Delaware.  ███████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

19

Since both prongs of the dual jurisdiction analysis have been met by each of ACI and ASUSTeK, both defendants are subject to personal jurisdiction in Delaware.[6]

### C.    Constitutional Due Process is Satisfied.

Both ASUSTeK and ACI should reasonably expect to be subject to personal jurisdiction in Delaware.  ACI and ASUSTeK's activities in Delaware are both continuous and systematic: ACI sells directly to Delaware consumers and causes ASUS-brand products in the United States, manufactured and designed by ASUSTeK, to appear on Delaware store shelves and on national sales web sites of retailers serving the United States and Delaware.  In fact, from Best Buy alone, ACI caused over ███ of ASUS-brand products to be sold in Delaware in 2011 and the first quarter of 2012.  ACI also services products for registered Delaware consumers, at ASUSTeK's direction, and ASUSTeK even maintains records of such service.   ASUSTeK mandates that ACI take its actions nationally and in Delaware to fulfill its goal of increasing its share of the U.S. market and controlling the U.S. market's relationship with the ASUS brand. Both ACI's and ASUSTeK's activities confer this Court personal jurisdiction over defendants consistent both with Delaware law and the Constitution.

## VI.    DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND MOTION TO TRANSFER

Jurisdictional discovery likewise confirmed that defendants' allegations concerning venue are unfounded, and Round Rock incorporates its arguments on those issues from its previous briefing.  (D.I. 22 at 13-20.)

## VII.    CONCLUSION

For all the foregoing reasons and the reasons stated in Round Rock's initial briefing, defendants' motions to dismiss for lack of personal jurisdiction should be denied, the case should remain in Delaware, and a Scheduling Order should be entered.

---

[6] The Federal Circuit's recent decision in *AFTG-TG, LLC v.Nuvoton Tech. Corp.*, 2011-1306, 2011-1307, 2012 U.S. App. LEXIS 18030 (Fed. Cir. Aug. 24, 2012), does not affect the analysis here. That case concerned different facts and interpreted Wyoming's long arm statute.  Unlike the *AFTG-TG* plaintiff, Round Rock has demonstrated more than sufficient facts to find specific and "dual" personal jurisdiction over both defendants.  The Federal Circuit also confirmed that *McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 180 L. Ed. 2d 76 (2011), did not change the law regarding stream of commerce analysis.  AFTG-TG, 2012 U.S. App. LEXIS 18030, at *12.

DATED: Sept. 7, 2012                          Respectfully submitted,


                                              /s/ Brian E. Farnan
                                              Brian E. Farnan (Bar No. 4089)
                                              FARNAN LLP
                                              919 North Market Street
                                              12th Floor
                                              Wilmington, DE 19801
                                              (302) 777-0300
                                              (302) 777-0301
                                              bfarnan@farnanlaw.com


                                              Paul A. Bondor (admitted *pro hac vice*)
                                              Jonas R. McDavit (admitted *pro hac vice*)
                                              Lauren M. Nowierski (admitted *pro hac vice*)
                                              DESMARAIS LLP
                                              230 Park Avenue
                                              New York, NY 10169
                                              (212) 351-3400
                                              (212) 351-3401
                                              pbondor@desmaraisllp.com
                                              jmcdavit@desmaraisllp.com
                                              lnowierski@desmaraisllp.com

                                              *Counsel for Plaintiff*

21