**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROUND ROCK RESEARCH, LLC, | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-978-RGA |
| | ) | |
| ASUSTEK COMPUTER INC. and | ) | |
| ASUS COMPUTER INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ASUSTEK COMPUTER INC. AND ASUS COMPUTER
INTERNATIONAL, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

                                      ASHBY & GEDDES
                                      John G. Day (I.D. #2403)
                                      Tiffany Geyer Lydon (I.D. #3950)
                                      Lauren E. Maguire (I.D. #4261)
                                      Andrew C. Mayo (I.D. #5207)
                                      500 Delaware Avenue, 8th Floor
                                      P.O. Box 1150
                                      Wilmington, DE  19899
                                      (302) 654-1888
                                      jday@ashby-geddes.com
                                      tlydon@ashby-geddes.com
                                      lmaguire@ashby-geddes.com
                                      amayo@ashby-geddes.com

                                      *Attorneys for Defendants*

*Of Counsel:*

John P. Schnurer
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
(858) 720-5700
jschnurer@perkinscoie.com

Dated: September 14, 2012

I.      **INTRODUCTION**

Defendants' motion should be granted.[1] As Defendants have noted before, ASUSTeK Computer Inc. ("ASUSTek Taiwan") is based in Taiwan and makes products that it then *offers* to sell to a Singapore entity (ASTP).[2] ASTP then sells some of those products to ASUS Computer International ("ASUS California") which then generally sells its products to retailers.[3] Thus, by naming both ASUSTeK Taiwan and ASUS California, Round Rock (RR) seeks to reach four levels up the distribution chain and stretch this Court's jurisdictional reach from Delaware to California to Singapore and finally to Taiwan. As previously noted, ASUSTeK Taiwan has never sold, offered for sale, or delivered any accused products in Delaware and ASUS California has never sold, offered for sale, or delivered to Delaware the accused products for at least two of the patents-in-suit. The jurisdictional discovery allowed by this court has confirmed those facts.

Round Rock ("RR") does not even attempt to support a claim of general personal jurisdiction over either defendant. With regard to specific personal jurisdiction, RR does not challenge any of the facts offered by defendants. It is unchallenged that ASUS California (indeed, none of the defendants) has never sold, offered for sale, etc. the only products identified in the Complaint as allegedly infringing the '109 and '531 patents. Even RR's effort to point to products not identified in the Complaint does not establish specific personal jurisdiction over any party in this case. Accordingly, at least that part of RR's Complaint must be dismissed.

Also unchallenged is the fact that ASUSTeK Taiwan has no employees, offices, etc. in Delaware and has never sold, offered for sale, etc. anything in Delaware. Because the facts simply do not support a claim of specific personal jurisdiction based on ASUSTeK Taiwan's

---

[1] While Defendants believe that the failure to show personal jurisdiction is clear on this record, if the Court is inclined to do anything other than grant this motion, Defendants respectfully request an evidentiary hearing.

[2] See Exhibit 3 to Declaration of James C. Pistorino filed herewith ("Pistorino Decl.") at 192:20-193:4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[3] ASUS California operates an eStore, through which accessories and limited number of refurbished computers can be purchased directly from ASUS California.

purposeful contacts with Delaware (there are none), RR resorts to an effort to attribute the activities of third parties (retailers, ASUS California, end users) to ASUSTeK Taiwan. Though the Supreme Court spoke on this matter last year and the Federal Circuit did so within the last month, RR is remarkably silent on the controlling law which bars RR's claims.[4]

Finally, in light of the lack of specific personal jurisdiction and the balance of convenience factors, this case should be transferred to the Northern District of California.

## II.   FACTUAL BACKGROUND

Many of the assertions by RR in the factual background simply do not stand up to scrutiny. For example, ASUS California's witness was asked: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ See RR Exhibit 4 at 299:2-5. RR cites this exchange in support of the claim: "In turn, at ASUSTeK's direction and under the corporate organization created and controlled by ASUSTeK, ACI purchases all of its goods, including the accused products, from ASTP." Opp. at 3. Likewise, ASUS California's witness was asked: "Q. Okay. Do you sell the entire ASUS product line of computers through the eStore? A. To my knowledge, No." See RR Exhibit 4; Pistorino Decl. Ex. 2 at 80:24-82:9. In the face of this testimony, RR claims: "ACI sells the ASUS-brand product line nationwide, including in Delaware, directly to individual consumers via its eStore as well as to consumers through national resellers and distributors." Opp. at 3. Likewise, RR claims that: "ASTP purchases all of its products from ASUSTeK." Opp. at 11 (*citing* RR Exhibit 4 at 119:11-120:1). That testimony by ASUS California's witness relates to purchases by ASUS California from ASTP and not ASTP purchases from ASUSTeK. RR's claim that "Defendants asserted that they were not aware [the VW246H and UX31] products were sold in Delaware" (Opp. at 3) does not withstand scrutiny. What Defendants have always asserted is that prior to the filing of the Complaint,

---

[4] In *AFTG-TG, LLC. v. Nuvoton Tech. Corp.*, 2012 WL 3631230 (Fed. Cir. Aug 24, 2012), the Federal Circuit affirmed a dismissal for lack of personal jurisdiction over ASUSTeK Taiwan and ASUS California on facts similar to those in this case.

[5] ASUS California is frequently referred to as "ACI".

{00670399;v1 }                                   2

Defendants did not sell or ship those products to Delaware.

There is absolutely no evidence of any kind that either ASUSTeK Taiwan or ASUS California specifically targeted Delaware for any activity as opposed to seeking to serve the United States market as a whole. Likewise, there is absolutely no evidence of fraud, injustice or disregard of the corporate form.

**Product Registrations** - Among the tens of thousands of documents produced by Defendants was a database of product registrations. This is a database of voluntary registrations provided by users where the user may (but does not have to) indicate where the product was purchased from and their own address. There is no evidence that any effort is made by Defendants to verify the information provided.

**Service Agreements and RMA's** - Among the materials produced by Defendants were a series of agreements between ASUSTeK Taiwan, ASTP, and ASUS California related to warranties. ASUSTeK Taiwan provides a warranty for products it manufactures. In the United States (though not specifically directed at Delaware), ASUSTeK Taiwan has a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to handle warranty issues. See RR Exhibits 50-53. In turn, ASUS California has contracted with entities to provide service (again, none specifically directed at Delaware). RMA's are tracking numbers provided when users return products which may be at a different location than the product was purchased.

## III. DISCUSSION

### A. Legal Standards

Because jurisdictional issues are intimately involved with the substance of patent laws, Federal Circuit law is used in determining specific personal jurisdiction. *See, e.g., Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). Determining personal jurisdiction for an out of state defendant is a two step inquiry: 1) whether the forum state's long arm statute permits service of process; and 2) whether the assertion of personal jurisdiction violates due process. *See Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). It is unclear whether the Delaware long-arm statute is co-extensive with the Due Process

clause but it is improper to collapse the long-arm inquiry into the Due Process inquiry.[6]

When considering specific personal jurisdiction over a non-resident defendant, a court should consider whether: 1) the defendant purposefully directed its activities at the forum's residents; 2) whether the claim arises out of or relates to those activities; and 3) whether assertion of personal jurisdiction is reasonable and fair.  *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010); *Elec. For Imaging*, Inc. *v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).  The plaintiff bears the burden of proving the first two parts.  If the plaintiff meets its burden, the burden then shifts to the defendant to show that personal jurisdiction is unreasonable.  The first two factors correspond with the minimum contacts prong of the *International Shoe* analysis, while the third factor corresponds with the "fair play and substantial justice" prong of the analysis.  *Id.*

### B.   Alleged Post-Complaint Activity

The Plaintiff must show that specific personal jurisdiction existed at the time of filing of the Complaint and after filing events cannot form the basis for or cure the absence of specific personal jurisdiction at the time of filing of the Complaint.  *See, e.g., Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F.Supp.2d 690, 697 (D. Del. 1998) (McKelvie, J) ("The court cannot base jurisdiction on events that occurred after the filing of Intel's complaint.").

In its previous and current briefing, RR attempts to point to post-Complaint activity as the basis for specific personal jurisdiction at the time the Complaint was filed.  Thus, RR points to a purchase by its counsel (the "undercover brother") of an EP-121 product in January 2012.  Opp. at 5.  RR also points to a purchase by its counsel from Google of the Nexus 7 product which first began shipping in June 2012.  *Id*. Pistorino Decl. Ex. 1.  RR also points to post-Complaint product registrations for UX31 computers by persons listing Delaware addresses as their contact point. Opp. at 6.  None of the post-Complaint activity relied on by RR can be used

---

[6] Contrary to RR's claim, "dual jurisdiction" is not a jurisdictional basis where "specific jurisdiction" is not present. Opp. at 15.  Rather, "dual jurisdiction" may be a basis to address the Delaware long-arm statute but does not address the due process analysis that applies Federal Circuit law.

{00670399;v1 }                                               4

to establish that specific personal jurisdiction existed at the time the Complaint was filed. Accordingly, the remainder of this Reply will address only the pre-Complaint "evidence" offered by RR.

### C.   No Specific Personal Jurisdiction for the '109 and '531 Patents

As Defendants have noted before, specific personal jurisdiction must be established on a claim-by-claim basis.  *See, e.g., Marten v. Godwin*, 499 F.3d 290, 296 (3rd Cir. 2007); *Remick v. Manfredy*, 238 F.3d 248, 255-56 (3rd Cir. 2001); *Belden Techs., Inc. v. Superior Essex Commc'ns LP.*, No. 08-63-SLR, 2010 WL 3328333 at *3 (D. Del. Aug. 24, 2010) (jurisdiction over only six of seven patents in suit).[7]  Thus, for each patent asserted to be infringed by a product, RR must show that the Court has specific personal jurisdiction to hear RR's claims.

As Defendants previously noted, the only products identified in the Complaints as allegedly infringing the '109 and '531 patents are the VW246H monitor (D.I. 1, ¶ 21, D.I. 15, ¶ 22) and "UX series notebook computers" (D.I. 15, ¶ 103), respectively.  This Court lacks specific personal jurisdiction to hear those claims.

#### 1.   VW246H

There is no evidence of any kind that Defendants ever sold or shipped a VW246H product to Delaware.  The only evidence with respect to the VW246H is:  1) a product registration dated March 2011 where the user provided a Delaware contact address in March 2011 for a purchase in September 2009 from NewEgg.com (See RR Exhibit 14); 2) a product registration dated August 2010 where the user provided a Delaware contact address and indicated that the seller was NewEgg.com (See RR Exhibit 11); and 3) an RMA where the user provided a Delaware contact address (See RR Exhibit 15).

---

[7] During the hearing held on April 6, 2012,, the Court considered a "wave" theory of specific personal jurisdiction in which the Court's lack of specific personal jurisdiction for 20% of the causes of action asserted was "wiped out" by the remaining causes of action over which the Court would have specific personal jurisdiction as to ASUS California.  See April 6, 2012 Hearing Transcript at 59:6-60:5.  Respectfully, there is no "wave" theory of specific personal jurisdiction under which the Court can act unconstitutionally (i.e., in violation of the Due Process Clause) with respect to some causes of action as long as it acts constitutionally with regard to other causes of action.

Obviously, none of that information is indicative of any sales, etc. by Defendants in Delaware.

### 2.   UX Series Notebook Computers

There is no evidence of any kind that Defendants ever sold or shipped a UX series notebook computer to Delaware.  The only evidence with respect to the UX series computers is: 1) post-Complaint product registrations where the user provided a Delaware contact address for purchases from third parties (NewEgg, CDW, Amazon, Sam's Club, Staples) (See RR Exhibits 12 and 13); 2) two RMA's where the user provided Delaware contact addresses (See RR Exhibit 16 and 17); 3) sales data from Office Depot for "fiscal years" 2011 and 2012 indicating the Office Depot sold ▇▇▇▇▇▇▇▇▇▇▇▇▇ (See RR Exhibit 39); 4) sales data from Best Buy indicating that Best Buy sold UX31E computers to "Delaware customers" in 2012 (See RR Exhibits 32 and 40).

Obviously, none of that information is indicative of sales, etc. by Defendants in Delaware.

### 3.   The EP-121

Because there is no evidence that Defendants have ever sold or offered for sale or delivered to a Delaware address the only products alleged in the Complaints to infringe the '109 and '531 patents, RR's Supplemental Opposition now asserts that the EP-121 product infringes those patents.  Given that neither the Original nor Amended Complaints identify the EP-121 as allegedly infringing the '109 or '531 patents, the EP-121 cannot form the basis for Round Rock's claims of jurisdiction of the Court to hear causes of action related to the '109 and '531 patents.

Moreover, even if the Original Complaint identified the EP-121 as allegedly infringing the '109 or '531 patents (or any other patent for that matter), this Court would lack specific personal jurisdiction to hear such claims.  There is no evidence of any kind that Defendants ever sold, offered to sell, or shipped an EP-121 to anyone in Delaware prior to the filing of the

---

[8] The information provided does not identify what date range corresponds to Office Depot's "fiscal year."

Original Complaint on October 14, 2011.

Thus, this Court lacks specific personal jurisdiction to consider RR's claims of alleged infringement of the '109 and '531 patents by either of the Defendants and those causes of action must be dismissed.[9]

### D. No Specific Personal Jurisdiction Over ASUSTeK Taiwan

RR appears to have retracted its prior claim that: "Both defendants offer to sell, and sell, infringing products in Delaware." Instead, RR now asserts specific personal jurisdiction over ASUSTeK Taiwan based on the fact that: 1) ASUSTeK designs and manufactures the alleged infringing products; 2) ASUSTeK Taiwan writes manuals that others ship with accused products to Delaware or that are available over the Internet; and 3) ASUSTeK Taiwan provides a warranty for products it manufactures. Opp. at 17-18.

Obviously, the mere fact that ASUSTeK designs and manufactures products is not a basis for specific personal jurisdiction because that fact does not focus on or support alleged contacts with Delaware. Likewise, the fact that ASUSTeK writes manuals is not evidence that ASUSTeK has contacts with Delaware and there is no evidence that ASUSTeK shipped manuals to Delaware and/or that the manuals themselves are accused of infringing. Further, the mere existence of an informational website not specifically directed at Delaware, such as that operated by ASUSTeK Taiwan, is not sufficient to establish personal jurisdiction.[10] *See, e.g., Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453-54 (3rd Cir. 2007) (applying a heightened standard to even commercially interactive websites).

Lastly, while ASUSTeK does provide a warranty for products it manufactures, RR's claims do not arise out of or relate to that warranty and/or, the warranty itself is not alleged to infringe. *Compare LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764 (Del. 1986) (a non-

---

[9] RR's "stream of commerce" and "agency" theories of specific personal jurisdiction are addressed below.

[10] Otherwise, anybody that uses the Internet could be subject to jurisdiction anywhere in the world. The eStore website operated by ASUS California is discussed separately.

patent case where claims allegedly arose under a warranty).  At best, RR's argument is simply that personal jurisdiction travels with the chattel and ASUSTeK Taiwan is subject to specific personal jurisdiction wherever products it manufactures travel to.  That is simply not the law.

### E.    Round Rock's Agency Theories

RR's brief is filled with unsupported statements of "direction", "control", and "agent" as if simply repeating such claims will make them true.  That ASUSTeK Taiwan knows that some products sold to ASTP are shipped to ASUS California is not evidence that "ASUSTeK controls distribution in the United States through ASTP" (Opp. at 12)[11] or that ASUSTeK Taiwan controls ASUS California or directs sales to Delaware.  Likewise, that ASUSTeK Taiwan creates marketing materials or a catalog that ASUS California purchases and distributes as it wishes is not evidence that "ASUSTeK controls marketing in the United States through ACI." Opp. at 14.[12]

RR cites the same portion of ASUSTeK Taiwan's annual report previously discussed where ASUSTeK Taiwan reports consolidated financials.  Opp. at 12.  As Defendants have noted before, that portion simply shows that ASUSTeK Taiwan complies with GAAP reporting requirements and does not say anything about one company acting as the agent of the other.  Likewise, that personnel from ASUSTeK Taiwan communicate with ASUS California personnel frequently, indicates absolutely nothing about an agency relationship.  Opp. at 12.  Indeed, given that ASUS California is selling products that were manufactured by ASUSTeK Taiwan, it is hardly surprising.[13]

While there is evidence of some (though not complete) overlap of directors, RR has

---

[11] Indeed, RR Exhibit 47 is a 

[12] See Exhibit 3 to Pistorino Decl. at 189:22-25

failed to offer any evidence of control, etc. with regard to methods of financing, overlap of officers, that ASUSTeK Taiwan has any role in the day-to-day management of ASUS California, or that ASUSTeK Taiwan controls how ASUS California gets it business. *See Applied Biosystems, Inc. v. Cruchem, Ltd.*, 772 F.Supp. 1458 (D. Del. 1991). Indeed, the evidence is that ASUS California markets and generates its own sales of products that it purchases from ASTP and that each company takes profits from its own sales. See RR Exhibit 50.

Even assuming that ASUS California was ASUSTeK Taiwan's agent in some sense, there is no showing that ASUSTeK Taiwan "instigated" any alleged contact by ASUS California with Delaware and mere agency is not sufficient to confer specific personal jurisdiction. *See Applied Biosys*, 772 F.Supp. at 1464.

F. **Round Rock's "Dual Jurisdiction - Stream of Commerce" Theories**

Much of RR's argument appears to be based on an alleged "dual jurisdiction" stream of commerce theory utilizing Delaware law. See Opp. at 15-16. At best, such an approach could only address the first prong of the personal jurisdiction analysis of *Grober* and *AFTG-TG* (i.e., whether service of process is consistent with the State's long arm statute).[14] "Dual jurisdiction" theories have no application to the second prong of that test because that prong is not based on Delaware law. Instead, the prong is based on Federal Circuit law applying the Due Process analysis of the United States Constitution as articulated by the U.S. Supreme Court.

As the Federal Circuit noted in *AFTG-TG*, the Supreme Court continues to dispute the precise formulation of a "stream of commerce" theory. Nevertheless, however the test is articulated, the result has been clear. The fact that a defendant seeks to serve a national market; that it is foreseeable that products end up in a forum state, and the defendant's products end up in the forum state is insufficient to confer specific personal jurisdiction. *See J.W. McIntyre* (no specific personal jurisdiction); *Asahi Metal* (no specific personal jurisdiction).

Moreover, as applied in this case, such theories are at least doubly or quadruply removed.

---

[14] While a State long-arm statute may be co-extensive with the Due Process Clause, of course, it cannot go farther than the Due Process Clause.

For example, RR seeks to attribute sales by CDW and CompUSA to Defendants. ███████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████

There is absolutely no evidence that Defendants have specifically targeted Delaware for anything. Instead, the evidence is that both entities seek to serve a national market. Thus, this case is very similar to the facts in *J.W McIntyre* and *D'Jamoos* - where personal jurisdiction was not found.

Finally, of course, an effort to subject ASUSTeK Taiwan to specific personal jurisdiction in Delaware would be neither reasonable nor fair. ASUSTeK Taiwan would be deprived of all the protections afforded by the corporate form on which much of the Delaware legal economy is based. Further, such a holding would have far reaching ramifications for companies all over the world and their contacts with Delaware and Delaware citizens. To the extent that a holding of specific personal jurisdiction is based on ASUSTeK Taiwan warranties, it would also have the negative policy impact of encouraging companies to provide more limited warranties lest they be subjected to specific personal jurisdiction in distant courts on matters unrelated to the warranties.

### G. This Case Should Be Transferred

As detailed above, this Court lacks specific personal jurisdiction to hear any of RR's claims against ASUSTeK Taiwan and also lacks specific personal jurisdiction to hear claims of alleged infringement of the '109 and '531 patents. However, there is another court that has jurisdiction to hear all of those claims and is also clearly more convenient. That court is the Northern District of California where a case addressing all of those matters is already pending and where RR and Defendants are engaged in other litigation. Accordingly, this case should be transferred to the Northern District of California.

## IV. CONCLUSION

For the reasons set forth above and in Defendants' previously filed papers, Defendants respectfully request that the Court dismiss this case for lack of personal jurisdiction and improper venue or, transfer this case.

                                ASHBY & GEDDES

                                */s/ Tiffany Geyer Lydon*

                                John G. Day (I.D. #2403)
                                Tiffany Geyer Lydon (I.D. #3950)
                                Lauren E. Maguire (I.D. #4261)
                                Andrew C. Mayo (I.D. #5207)
                                500 Delaware Avenue, 8th Floor
                                P.O. Box 1150
                                Wilmington, DE  19899
                                (302) 654-1888
                                jday@ashby-geddes.com
                                tlydon@ashby-geddes.com
                                lmaguire@ashby-geddes.com
                                amayo@ashby-geddes.com

                                *Attorneys for Defendants*

*Of Counsel:*

John P. Schnurer
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130
(858) 720-5700
jschnurer@perkinscoie.com

Dated: September 14, 2012